[Civ. No. 3949.  First Appellate District, Division One.—November 3, 1921.]

## W. F. CORDES, Respondent, v. L. C. HAMMOND et al., Appellants.

[1] CORPORATIONS — UNPAID SUBSCRIPTIONS — CREDITOR'S BILL — EXHAUSTION OF REMEDIES—PLEADING.—In an action by the assignee of judgment creditors of a corporation to recover from the defendants various sums on account of unpaid subscriptions to the capital stock of the corporation, it is necessary for the plaintiff to show that prior to the beginning of the action he had exhausted his legal remedies in an effort to collect the judgment, which is usually done by alleging the return of an execution unsatisfied.

[2] ID.—ISSUANCE AND RETURN OF EXECUTION—INSUFFICIENT ALLEGATION.—In such an action, the allegation of the issuance of the execution upon a certain day and its return unsatisfied on the day following fails to comply with the provisions of section 683 of the Code of Civil Procedure, which directs that no return on an execution may be made in less than ten days nor more than sixty days after the receipt by the sheriff.

[3] ID.—INSOLVENCY OF CORPORATION—EFFECT OF.—The return of an execution *nulla bona* is not a prerequisite for maintaining such an action· when the complaint shows· that the corporation is wholly insolvent and has no assets upon which to levy an execution.

[4] PLEADING—DELAY IN FILING AMENDED COMPLAINT—WAIVER.—A failure to file an amended complaint until three months after the obtaining of permission to file and serve such a complaint is waived where demurred to and answered after filed and trial had on the issues thus presented.

[5] CORPORATIONS — RECOVERY OF UNPAID SUBSCRIPTIONS — ACTION BY JUDGMENT CREDITORS—PROPER SERVICE OF SUMMONS IN JUDGMENT ACTION—EFFECT OF STIPULATION.—In an action by judgment creditors of a corporation to recover unpaid subscriptions to the capital stock, the contention that the judgment against the corporation is void for lack of service of summons on an officer of the corporation is without merit where it is stipulated that the summons was duly and personally served on the corporation, giving the particulars.

1. Right of creditors of insolvent corporation to sue stockholder at law upon unpaid subscription, note, 7 **A. L. R.** 100.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George E. Crothers, Judge. Reversed and affirmed.

The facts are stated in the opinion of the court.

William S. Downing, O. C. Wilson, H. L. McAllister and Alfred J. Harwood for Appellants.

James H. Boyer and Joseph Kirk for Respondent.

KERRIGAN, J.—This is an action brought by the plaintiff, as assignee of numerous creditors of the Combined Amusements Company, a defunct corporation, on a default judgment taken against that concern, to recover from the defendants various sums on account of unpaid subscriptions to the capital stock of said corporation. . Plaintiff recovered judgment against the defendants, certain of whom prosecute this appeal, namely, L. C. Hammond, W. C. Chamberlin, Adolph Lehman, R. G. Matzene, Mark H. Manning, and Wm. L. McGuire.

[1] In actions of this character it is necessary for the plaintiff to show that prior to the beginning of the action he had exhausted his legal remedies in an effort to collect the judgment; which is usually done by alleging the return of an execution unsatisfied. [2] Here the plaintiff alleged the issuance of the execution upon a certain day and its return unsatisfied on the day following. ، This failed to comply with this provision of section 683 of the Code of Civil Procedure, which directs that no return on an execution may be made in less than ten days nor more than sixty days after its receipt by the sheriff. [3] At the trial the plaintiff amended paragraph V of his complaint by bringing it within the modification of the rule followed in *Barnes* v. *Babcock,* 95 Cal. 581 [29 Am. St. Rep. 133, 16 L. R. A. 745, 30 Pac. 605], and as announced in *Merchants' M. Adj. Agency* v. *Davidson,* 23 Cal. App. 274 [137 Pac. 1091] (see, also, *Sherman* v. *S. K. D. Oil Co.,* 185 Cal. 534 [197 Pac. 799]), where it is held that if the plaintiff does not aver a valid return of an unsatisfied execution, but does allege facts showing that the corporation defendant was insolvent and that the execution could not have been satisfied out of

its property, the averments are sufficient. The return of an execution *nulla bona,* says the court, is not a prerequisite for maintaining an action of this character when the complaint shows that the corporation is wholly insolvent and has no assets upon which to levy an execution.

[4] That the complaint as thus amended states facts sufficient is not denied; but it appears that while plaintiff obtained permission to file and serve such amended complaint, and that he served the same, he did not file it until three months later, when the trial of the case was resumed. For this reason the appellants claim that the case rests upon the originally fatally defective complaint, and accordingly that the judgment must be reversed. Whatever merit there may have been in this point was waived by the appellants, for they not only answered the complaint as thus amended, but later, when it was in fact filed, they again demurred and answered thereto, and the parties went to trial upon the issues as thus made up.

Appellants Chamberlin, Hammond, and Matzene contend in support of their respective appeals that the evidence fails to show that they were subscribers to stock in the Combined Amusements Company. The answers of these particular defendants do not, as asserted by the respondent, admit by failure to deny or otherwise that they were subscribers for stock in the corporation at the time and in the manner alleged in the complaint. On the contrary, their answers put in issue the allegations of the complaint to that effect. As to Chamberlin and Hammond, no subscription contracts entered into by them were introduced in evidence, nor does the record show that either of them entered into such an agreement. Their contention must, therefore, be sustained. But as to the appellant Matzene, while it is true, as just stated, that his final answer as amended, when fairly read does put in issue the question of whether or not he was a subscriber for stock in the corporation, and while it is also true that the subscription contract was only marked for identification and was not in fact admitted in evidence, nevertheless there is sufficient evidence in the record admitted without objection to show that he was such a subscriber, and that he owed the amount alleged on his subscription.

[5] Appellants also contend that the judgment upon which this action is based is void for the reason that service of summons was obtained on a person who was not at the time an officer of the corporation. From the record it appears that the Combined Amusements Company forfeited its charter March, 1916, for nonpayment of license tax; that prior to the commencement of that action, however, it had been through the method permitted by statute restored to its former corporate status. It also appears that the person on whom summons was served was secretary of the corporation at the time it became defunct. Assuming that the record shows that he had not been re-elected or reappointed as secretary upon the resuscitation of the corporation, and that for this reason, as asserted by the appellants, he was not an officer of the corporation upon whom service of summons might be made, still there is no merit in the point, for the reason that a stipulation was entered into by the parties to this action to the effect that the summons was duly and personally served on the Combined Amusements Company, giving the particulars.

For the reasons stated the judgment is reversed as to appellants Chamberlin and Hammond, and affirmed as to the other appellants.

Richards, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 29, 1921.

All the Justices concurred, except Waste, J., and Richards, J., *pro tem.*, who did not vote.

Lawlor, J., was absent.