[S. F. No. 11460. In Bank.—April 13, 1927.]

E. J. MALMGREN et al., Respondents, v. SOUTHWEST-ERN AUTOMOBILE INSURANCE COMPANY (a Corporation), Appellant.

[S. F. No. 11683. In Bank.—April 13, 1927.]

E. J. MALMGREN et al., Respondents, v. SOUTHWEST-ERN AUTOMOBILE INSURANCE COMPANY (a Corporation), Appellant.

[1] AUTOMOBILE INSURANCE — CONTRACT OF INDEMNITY — PLACE OF PERFORMANCE.—A contract indemnifying the assured against loss from the liability imposed by law upon him for damages on account of bodily injuries suffered by any person as the result of an accident occurring and caused by reason of the use, ownership, or maintenance of an automobile, is to be performed in whatever county the injury should occur and in which a judgment against the assured should be obtained.

[2] ID.—CONTRACTUAL RELATIONS — PROVISIONS OF STATUTE. — The provisions of the statute (Stats. 1919, p. 776) requiring all policies of insurance against loss or damage resulting from an accident to, or injury suffered by another person, and for which the person assured is liable, to contain a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for

---

1. Liability insurance, notes, 28 A. L. R. 1301; 41 A. L. R. 507.

2. Recovery on indemnity policy by injured person, notes, 6 A. L. R. 381; 13 A. L. R. 136; 19 A. L. R. 881; 23 A. L. R. 1474.

the injury sustained or loss occasioned, etc., is a part of every policy of indemnity issued by a company or corporation engaged in the transacting of that kind of indemnity insurance business; and a contractual relation is created by the statute which inures to the benefit of any and every person who may be negligently injured by the assured, as completely as if such injured person had been specifically named in the policy.

[3] ID.—PLEADING—SUFFICIENCY OF COMPLAINT.—Where the complaint upon a policy of indemnity insurance sets forth the general basic essentials of the action and alleges the legal effect of the indemnification contract, it is an approved method of pleading; and where the complaint alleges that the insolvency and inability of the assured to pay a judgment obtained against him or any part thereof existed on the day the injuries were inflicted and continuously thereafter, and that a demand was made upon the insurance carrier and it refused to pay the same, the complaint sufficiently shows the contractual relation which the law created between the insurer and third parties.

[4] ID.—INSOLVENCY OF ASSURED—RETURN OF EXECUTION UNSATISFIED—WHEN UNNECESSARY—The statute of this state does not make the return unsatisfied of an execution upon the judgment against the assured a prerequisite to the commencement of an action against the insurance carrier upon a policy indemnifying the assured against liability by reason of accidents.

[5] ID.—MODIFICATION OF PROVISIONS OF LAW BY CONTRACT — PUBLIC POLICY.—The substantive law of this state, founded upon principles of public policy, cannot be enlarged, circumvented, defeated, or modified by a provision which the insurer places in its contract in derogation of and in conflict therewith to the effect that the return of an execution unsatisfied upon the judgment against the assured shall be a prerequisite to an action against the insurer upon a policy of indemnity.

[6] ID.—CONSTRUCTION OF STATUTE—RIGHT OF ACTION.—The clause in the statute (Stats. 1919, p. 776) that an "action may be brought against the company, on the policy and subject to its terms and limitations, by such injured person" was not intended to defeat its purpose upon the theory that an action brought "on the policy" binds the injured person to a repudiation or waiver of the benefits of the statute expressly adopted for his protection, but it clearly has reference to those matters concerning which the insurer and assured could legally contract.

[7] ID.—INSOLVENCY OF DEBTOR—RETURN OF EXECUTION UNSATISFIED—RULE.—An allegation of the insolvency of a judgment debtor, followed by proof thereof, is a sufficient compliance with

the provisions of a statute providing for a return of a writ of execution by the sheriff unsatisfied before suit may be commenced against an indemnitor.

(1) 40 Cyc., p. 92, n. 67 New.   (2) 36 C. J., p. 1059, n. 57.   (3) 36 C. J., p. 1124, n. 21; 31 Cyc., p. 65, n. 44.   (4) 36 C. J., p. 1122, n. 95 New.   (5) 36 C. J., p. 1059, n. 60.   (6) 36 C. J., p. 1120, n. 63. (7) 36 C. J., p. 1125, n. 30 New.

APPEALS from an order of the Superior Court of Alameda County denying a motion for change of place of trial and from a judgment. T. W. Harris, Judge. Affirmed.

The facts are stated in the opinion of the court.

Kelby & Lawson and Samuel M. Garroway for Appellant.

Ford, Johnson & Bourquin for Respondents.

SEAWELL, J.—Two separate appeals are here presented. It is agreed that they may be considered together. The first, numbered S. F. No. 11460, is taken from the order denying appellant's motion for a change of the place of trial, and the second, numbered S. F. No. 11683, is from the final judgment entered in said action. The facts necessary to an understanding of the grounds of said appeals will be revealed as the discussion of the cases proceeds.

Grace Elizabeth Malmgren, wife of coplaintiff E. J. Malmgren, recovered a judgment in the superior court of the county of Alameda in the sum of five thousand dollars against one J. Arthur Eddy for bodily injuries inflicted upon her in the county of Alameda as the result of the careless and negligent manner in which said Eddy drove and operated an automobile owned by him. The judgment became final before the instant suit was filed. Appellant, a corporation engaged in a general automobile insurance business, with its principal place of business in the county of Los Angeles, was the insurance carrier of said Eddy. The latter being insolvent and unable to respond in damages or to pay any part of said judgment, the present action was brought in the county of Alameda against appellant corporation upon a policy of indemnity insurance issued by it to said J. Arthur Eddy to indemnify him against loss from the liability imposed

by law upon the assured for damages on account of bodily injuries suffered by any person as the result of an accident occurring and caused by reason of the use, ownership, or maintenance of said automobile, as provided by an act entitled "An act relating to actions against an insurance carrier when the insured person is insolvent or bankrupt, or without property sufficient to satisfy execution on account of loss or damage insured against, and requiring policy to be exhibited in certain cases." (Stats. 1919, p. 776.) The portion of said statute which bears upon the question presented by these appeals reads:

"No policy of insurance against loss or damage resulting from accident to, or injury suffered by another person and for which the person insured is liable, . . . shall be issued or delivered to any person in this state by any domestic or foreign insurance company, authorized to do business in this state, unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of such policy and stating that in case judgment shall be secured against the insured in an action brought by the injured person or his heirs or personal representatives, in case death resulted from the accident, then an action may be brought against the company, on the policy and subject to its terms and limitations, by such injured person, his heirs or personal representatives as the case may be, to recover on said judgment. Upon any proceeding supplementary to execution the judgment debtor may be required to exhibit any policy carried by him insuring against the loss or damage for which judgment shall have been obtained."

Article XII, section 16, state constitution, provides:

"A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs, or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

[1] It may not be doubted that the contract of indemnity was to be performed in whatever county the injury should occur and in which a judgment against the assured

should be obtained. [2] It is appellant's contention that no contractual relation is alleged or shown to exist between the injured party and the appellant. The provisions of the statutes, as above quoted, are, as a proposition of law, a part of every policy of indemnity issued by a company or corporation engaged in transacting the kind of indemnity insurance business which appellant was authorized by the law of the state to transact. It was a contractual relation created by statute which inured to the benefit of any and every person who might be negligently injured by the assured as completely as if such injured person had been specifically named in the policy. [3] The complaint sets forth the general basic essentials of the action and paragraph III thereof alleges the legal effect of the indemnification contract. This is an approved method of pleading. (*Santa Rosa Bank* v. *Paxton,* 149 Cal. 195 [86 Pac. 193].) Paragraph V alleges that the insolvency and inability of the assured to pay said judgment or any part thereof existed on the day the injuries were inflicted and continuously thereafter, and that a demand was made upon appellant and it refused to pay the same. The contractual relation which the law created between the insurer and third parties is unquestionably apparent from an inspection of the complaint.

[4] It is contended by appellant that its liability could not accrue under the provisions of the policy until an execution issued upon the judgment obtained against the assured, or judgment debtor, was returned unsatisfied by reason of the insolvency or bankruptcy of said assured. The statute of this state, which is the final word on this issue, does not make the return of the execution unsatisfied a prerequisite to the commencement of an action upon the policy. The statute of the state of New York has such a provision and appellant had caused to be incorporated in its policy the language of the New York statute *verbatim.* [5] The substantive law of this state cannot be enlarged, circumvented, defeated, or modified by any provision which the insurer may have elected to place in its contract in derogation of or in conflict therewith. The statute is founded upon principles of public policy and an anomalous situation would be created if the rights of third parties, for whose protection the law was adopted, could be hin-

dered, delayed, or defeated by the private agreements of two of the parties to a triparty contract. If appellant's contention be sound, then it could, with equal justification, require the question of the assured's bankruptcy to be adjudicated by a competent tribunal before it would be obliged to recognize his insolvency or bankruptcy, or impose other conditions precedent to the injured person's right of action in derogation of express provisions of the law's mandate. We see no merit in the contention. *Schoenfeld* v. *New Jersey Fidelity & Plate Glass Ins. Co.*, 203 App. Div. 796 [197 N. Y. Supp. 606], relied upon as an authority in the instant case, is merely declaratory of the New York statute, which provides that a cause of action does not accrue to the injured person *until an execution issued upon the judgment against the assured has been returned unsatisfied by reason of insolvency or bankruptcy.* No such language or language equivalent thereto is found in the statute of this state and neither appellant nor this court is given authority to interpolate the provision of the New York law into a California statute. [6] The clause in the statute which provides that an ''action may be brought against the company, on the policy and subject to its terms and limitations, by such injured person'' was not intended to defeat its purpose upon the theory that an action brought ''on the policy'' binds the injured person to a repudiation or waiver of the benefits of the statute expressly adopted for his protection, but it clearly has reference to those matters concerning which the insurer and assured could legally contract.

It may be pertinent to observe that not less than forty days prior to the filing of the complaint herein respondents caused a writ of execution to be issued and directed to the sheriff of Alameda County. The day the sheriff made his return indorsed wholly unsatisfied is not noted. The writ was issued August 8, 1924, and bears as its filing date December 15, 1924. The complaint was filed September 18, 1924. Between the day of the issuance of said writ, to wit, August 8, 1924, and the day the complaint was filed, September 18, 1924, there was ample time for the sheriff to have made a legal return of the writ and thus overcome appellant's objection. No record was made as to when the return was made. But however this may be, the undisputed

record evidence is to the effect that the return of the sheriff was made at least fifty days before trial day. In the light of these facts it would require clear and unequivocal language to impose as an unalterable condition precedent to the commencement of an action the return of the writ of execution unsatisfied. [7] Conceding that the return of the writ by the sheriff indorsed unsatisfied is inferentially a condition precedent to the bringing of the action, appellant's objection in the instant case is fully met by *Cordes* v. *Hammond*, 55 Cal. App. 55 [203 Pac. 131], and cases therein cited, wherein it is held that an allegation of the insolvency of a judgment debtor, followed by proof thereof, is a sufficient compliance with the provisions of a statute providing for a return of the writ of execution by the sheriff unsatisfied before suit may be commenced. In the instant case the insolvency of the assured or judgment debtor at all times named in the complaint was fully pleaded and proof of the fact was indisputably established by his own testimony.

The order denying the motion for a change of the place of trial from the county of Alameda is affirmed; the judgment appealed from is also affirmed.

Richards, J., Shenk, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.