CARL W. NEILSON, PLAINTIFF-APPELLANT, v. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY OF BOSTON, A MASSACHUSETTS CORPORATION, AND CONSTITUTION INDEMNITY COMPANY OF PHILADELPHIA, A PENNSYLVANIA CORPORATION, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS-RESPONDENTS.

ANTONIO PERRIERA AND MANUAL PIRES, PLAINTIFFS-APPELLANTS, v. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY OF BOSTON, A MASSACHUSETTS CORPORATION, AND CONSTITUTION INDEMNITY COMPANY OF PHILADELPHIA, A PENNSYLVANIA CORPORATION, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS-RESPONDENTS.

Submitted May 26, 1933—Decided September 27, 1933.

For the appellants, *Coult, Satz & Tomlinson* and *Elias G. Willman.*

For the respondents, *Edward R. McGlynn* and *Edwards, Smith & Dawson.*

The opinion of the court was delivered by

HETFIELD, J.  This appeal involves two cases tried together in the Supreme Court, Essex Circuit, resulting in judgments against the three plaintiff-appellants, on directed verdicts. The plaintiffs, on May 10th, 1929, were injured by a certain auto truck owned and operated by one James C. Stiles.  They instituted suit, and each obtained a judgment against Stiles; Neilson in the sum of $5,000, Perriera for $2,000, and Pires $1,500.  Executions were issued on these judgments, and returned unsatisfied.  The present respondent insurance companies had each issued to Stiles an automobile liability insurance policy, and suit was brought against them, under the terms of the policies, which conformed to chapter 153, of the laws of 1924.  The undisputed proof in the trial showed that the vehicle involved in the accident was a Graham Brothers dump truck, and that the insured, Stiles, entered into an agreement with the Elizabeth Paving Company, whereby he was to be paid $1.90 per hour for the service of himself and truck, which consisted, in part, of transporting laborers engaged by the paving company in certain construction work, it being his duty to meet the workmen at six-thirty A. M., at the Newark-Elizabeth line, and take them to the work which was in Union township.  He was also to carry them back from the job to the Newark line, in the evening, his duties not being completed until this was done. At the time of the accident Stiles was transporting the laborers from the work to the city line, and had eight men in the truck with him, one of whom sat in the cab, and the others being seated upon boards placed across the body of the truck.  Before the truck arrived at its destination, it collided with an automobile operated by one Gustav Anderson, in which Neilson was a passenger, the other appellants, Per-

riera and Pires, being passengers in the truck. The policy issued by the Constitution Indemnity Company of Philadelphia, provided that the company would not be liable if the vehicle was used for any purpose other than that specified in the declarations contained in the policy; and declarations 8 and 9 provided, in substance, that the truck would be used for pleasure, business and commercial-transportation of materials and merchandise, incidental to the insured's business or occupation, and that the truck described as used for commercial purposes would not be rented to others or used to carry passengers for a consideration. The insured's occupation was set forth in declaration 3, as road building and grading land. The policy issued by the American Mutual Liability Insurance Company of Boston, provided that the policy would not apply to injuries or damages incurred while the vehicle involved in the accident was being used in carrying passengers for compensation; and contained a declaration, which formed a part of the policy, to the effect that no motor vehicle or trailer described therein, would be rented to others, or used to carry passengers for a consideration, expressed or implied.

The trial judge held, and we think properly so, that by reason of the violation of these provisions, the policies were void and not in force at the time of the accident. The respondents allege other violations, which it is contended, would avoid liability, but we do not think it necessary to pass on them in deciding this appeal. The fact that Stiles, at the time of the accident, was transporting, for hire, employes of the Elizabeth Paving Company, was not controverted; and the contract of insurance provided, in clear and unmistakable language, against liability in such event. Insurance contracts, as a rule, contain both affirmative and promissory warranties. The first class relates to matters existing at or before the issuance of the policy, and has the effect of a condition precedent; while a promissory warranty is one where the insured stipulates that something shall be done or omitted after the policy takes effect, and during its continuance, and has the effect of a condition subsequent. The provisions now under consideration, must be construed as promissory war-

ranties, on the part of the insured, and in the nature of conditions subsequent, a compliance with which is essential to the right of recovery under the contract. "The terms of the policy constitute the measure of the insurer's liability, and there can be no recovery thereon by insured where he has violated or failed to perform its conditions, or warranties are not literally true or fulfilled, in the absence of an estoppel or waiver on the part of the company. A breach of warranty will avoid the policy, although there is no provision to that effect in the policy." 32 *Corp. Jur.* 1291. The appellants argue, for the purpose of reversal, that proof of a single or isolated instance of violation of the provisions relating to the carrying of passengers for hire, is not sufficient to justify a denial of liability; and cites several cases to support such contention, all of which refer to fire losses, and are not in point, as the provisions of the policy were not being violated at the time of the loss, which is not the fact in the present case, and the insured had been engaged to transport the workmen regularly, and it is admitted that this was the second trip he made on the day in question.

It is further contended by the appellants, that the language "carrying passengers for a consideration" or "for compensation," means in legal contemplation, the carriage of passengers in a public conveyance for a consideration, and that a vehicle is not used for carrying passengers, within the meaning of the policy, unless it is held out to the public as a means of conveyance. We find no merit in this point; and think it is apparent that the word "passenger," as used in the policies in question, was intended to mean one who is conveyed for hire under a contract of carriage, which contract need not be between the carrier and the passenger, but may be between the carrier and a third person for the passenger. The Supreme Court, in the case of *Galen Hall Co.* v. *Atlantic City,* 76 *N. J. L.* 20, held that one who conducted a hotel and sanitarium, in connection with which he used an automobile to carry patrons to and from the railroad station, for which a fare was charged, was guilty of "carrying passengers for hire, in an automobile," without having obtained a license therefor as prescribed by ordinance for such carriage.

The appellants further argue, that the inhibition of the policies against carrying passengers for hire, does not apply to Neilson, who was not an occupant of Stiles' truck at the time of the accident, and in support thereof, refer to a provision in one of the policies which disclaims any liability for accidents suffered by any person while being carried in the vehicle named, for a consideration, actual or implied. It is true that this clause does not affect Neilson, although it does advance another reason why Perriera and Pires cannot recover. However, by reason of the non-compliance with the provisions first referred to, the policies became void, and were not in force at the time of the accident. It is well-settled, that the injured party, in cases against the insurer, had no greater rights under the policy than the insured, he being bound by the terms of the contract, and cannot recover unless the insured could have done so, had he paid the judgment.

It is further contended, that the Constitution Indemnity Company had waived any defense which it might have had under the policy, because no proper notice had been served by the company, disclaiming liability, before it defended Stiles in the damage suits. The record shows that on August 26th, 1929, the company, through its attorneys, forwarded a letter to Stiles, which reads in part: "However, at this time, we will undertake the defense of said action upon the express understanding that by so doing we do not admit any liability under the policy and if it be subsequently established that said truck was being operated in violation in the terms of said policy we reserve the right to disclaim any liability for damages arising out of said accident. If this is not agreeable to you, we will return the summons and complaint for such action as you think advisable." Stiles' attorneys acknowledged receipt, accepting the company's propositions. This arrangement was made before any of the cases in question were tried; and constituted a non-waiver agreement between the company and Stiles, which pertained to all suits arising out of the accident in question.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.