CLAUDE CAIOLA, PLAINTIFF-RESPONDENT, v. AETNA LIFE INSURANCE COMPANY, A BODY CORPORATE OF THE STATE OF CONNECTICUT, DEFENDANT-APPELLANT.

Submitted January 27, 1934—Decided May 19, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the appellant, *Cox & Walburg* (*Harry E. Walburg*, of counsel).

For the respondent, *David Cohn.*

PER CURIAM.

This is an appeal of the defendant below, the Aetna Life Insurance Company, from a judgment against it and in favor of the plaintiff, directed by the trial judge at the Passaic County Circuit Court.

The complaint alleged that on February 11th, 1931, the present plaintiff instituted an action in the Passaic County Circuit Court against Paterson Batten and Loom Builders, Incorporated, a corporation, to recover damages for personal injuries sustained by him on November 9th, 1923, as a result of injury sustained while working in the employ of that corporation; that an answer was filed by Messrs. Harley, Cox & Walburg (who represented the insurance company) who filed said answer on behalf of and at the request of the defendant employer; that at that trial a verdict was rendered in favor of the plaintiff and against the employer and judgment was entered thereon; that execution was issued against the employer and returned unsatisfied; that theretofore a policy of insurance was issued by the defendant Aetna Life Insurance Company to the employer, which policy afforded to the employer indemnification from the judgment obtained against it by its employe, the plaintiff.

In its answer the defendant avers, amongst other things, that the injury occurred while plaintiff was employed by his employer in work which was in violation of the statutes of the State of New Jersey, and while illegally employed, and further avers that the defense of the original suit was in accordance with a non-waiver agreement entered into between the employer and the defendant wherein the defendant, Aetna Life Insurance Company, agreed to have said Messrs. Harley, Cox & Walburg file an answer and to defend such action with the understanding that if any judgment were recovered against the employer, no part of it would be paid by the defendant for the reason that its policy of insurance did not provide coverage for any injuries sustained by any employe of the employer while illegally employed in violation of the statutes of the State of New Jersey.

At the trial both parties moved for a directed verdict, and the judge directed a verdict for the plaintiff.

We think that direction cannot be sustained for reasons we will now state.

The testimony tended to show that the plaintiff employe on November 9th, 1923, the date of the accident, was fifteen years of age.

The plaintiff contends and the defendant denies that the original action against the employer was grounded only on common law negligence. We think that it was not. It states an illegal employment in violation of the statute. Thus it alleged that, on the day of the accident, the plaintiff was fifteen years of age; that on that day he was employed on a machine that was propelled by mechanical power commonly called a "lathe", which was unprotected, unguarded and dangerous; that the employer did negligently, carelessly and contrary to the statute in force in this state, permit the plaintiff to work on that machine, and while so working a piece of steel shaving entered into the third finger of the plaintiff's left hand causing his injury; that the negligence of the defendant-employer consisted in permitting the infant plaintiff to be employed contrary to the statute and in permitting dangerous machines to be run and worked upon by said plaintiff who was an infant, then fifteen years of age, in violation of the statute. In its answer to that complaint the defendant admitted the employment of the plaintiff but denied that he was illegally employed.

The laws of 1904, page 155, as amended by laws of 1923, chapter 80, page 159, which is penal in its nature, by section 7 prohibits the employment of an infant under the age of sixteen years from working on a metal cutting machine driven by mechanical power such as a lathe.

Since the testimony tended to show that plaintiff's employment was illegal and in violation of the statute, it remains to consider the legal propriety of the direction of a verdict for the plaintiff and against the defendant under the policy here in question in view of the state of the evidence.

Now the policy, among other things, provides:

"One (b) To indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employes as are legally employed  *  *  *."

It seems clear, therefore, that there could be no direction of a verdict for the plaintiff unless as a matter of law the defendant had waived the defense of illegal employment.

For "it is well settled that the injured party, in cases against an insurer, has no greater rights under the policy than the insured, he being bound by the terms of the contract, and cannot recover unless the insured could have done so, had he paid the judgment." *Neilson* v. *American Mutual, &c., Boston,* 111 *N. J. L.* 345; 168 *Atl. Rep.* 436.

The plaintiff contends that the defendant had waived such defense by defending the original action. This the defendant denies, contending, as it averred in the answer, that it defended the action at the request of the employer pursuant to a non-waiver agreement between the employer and the defendant, executed before trial, which recited that the suit was brought on the theory that the plaintiff was injured while he, a minor, was illegally employed by the employer in violation of the statute of the State of New Jersey providing that minors shall not be employed on hazardous machinery, and also reciting that under the terms of the policy the defendant insurance company was not liable, and expressly agreeing that "if any judgment is obtained against your (employer's) company we will not pay it or any part of it."

The defendant offered to prove such non-waiver agreement, but that offer was overruled and an exception taken.

We think that action erroneous and prejudicial.

The non-waiver agreement tendered was executed *before trial,* and the rule as stated in *Neilson* v. *American Mutual &c., Boston, supra,* is that where such an arrangement is made before the case was *tried,* it constituted a non-waiver agreement between the insurance company and the insured.

Upon the whole case it is apparent that the judgment must be set aside and a new trial granted and it is so ordered accordingly.