CLAUDE CAIOLA, PLAINTIFF-APPELLANT, v. AETNA LIFE INSURANCE COMPANY, DEFENDANT-APPELLEE.

Submitted October term, 1935—Decided November 26, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the appellant, *M. Melz & David Cohn* (*David Cohn*, of counsel).

For the appellee, *Cox & Walburg* (*Henry E. Walburg*, of counsel).

The opinion of the court was delivered by

PERSKIE, J. On defendant's appeal to this court we set aside the judgment in favor of the plaintiff, which was based on a directed verdict, and ordered a new trial. We held, among other things, that it was prejudicial error to exclude defendant's offer to prove, pursuant to its answer, its alleged agreement of non-waiver with its assured. For a detailed statement of the facts of that case and our determination thereof see opinion reported in 12 *N. J. Mis. R.* 484; 172 *Atl. Rep.* 819.

This time the plaintiff appeals from the judgment, which is based on a nonsuit, in favor of the defendant. The latter did not offer its alleged agreement of non-waiver with its

assured, or any other proofs, but at the end of plaintiff's case moved for a nonsuit, which the trial judge, who also sat at the first trial, granted. Again we think that the judgment is erroneous and must be set aside.

The proofs show that plaintiff had recovered a judgment against his employer and that execution thereon was returned unsatisfied. And, therefore, plaintiff correctly argues that it was *prima facie* proof of the insolvency of the judgment debtor within the meaning of the policy. *Horn* v. *Commonwealth Casualty Co.*, 105 *N. J. L.* 616; 147 *Atl. Rep.* 483. It is admitted that defendant employed its own counsel, who filed the answer and defended the suit of the plaintiff against the assured.

Defendant answered both suits substantially as follows: that it was under no obligation to its assured, under its policy, for the reason that the plaintiff was illegally employed; that its policy covered only those of the assured who were legally employed; and that it defended its assured under an agreement of non-waiver between them. Defendant further conceded (under point III), that *"there is in this case absolutely no evidence or proof that any non-waiver agreement had been entered into between the defendant and Patterson Batten and Loom Builders, Incorporated."* The position of the defendant below was, and now is, that since the plaintiff was illegally employed, that *"the question of non-waiver agreement between defendant herein and the employer of the plaintiff is entirely immaterial to the issue since even if there had been proofs in the plaintiff's case from which might be inferred a waiver on the part of the company, no cause of action thereby accrued to the plaintiff because the policy of insurance could not be made to cover plaintiff's accident by the doctrine of waiver or estoppel."* That it was plaintiff's duty to establish a *prima facie* case within the terms of the policy, and, having failed to do so, it was not necessary for it to prove the existence of the non-waiver agreement with its assured.

Defendant urged nine grounds on its motion to nonsuit. Before us they are reduced to four. (1) That the policy of insurance issued by defendant to plaintiff's employer did not cover injuries sustained by plaintiff for the reason that he

was illegally employed; he was under sixteen years of age (being fifteen years, eight months old), and, therefore, was prohibited, under the laws of 1904, page 155, as amended by the laws of 1923, chapter 80, page 158, from working on a metal cutting machine driven by mechanical power, such as a lathe; and that defendant's policy covered only employes legally employed; (2) that plaintiff failed to establish a cause of action within the terms of the policy; (3) that neither the doctrine of waiver nor estoppel could be invoked against the defendant since the risk was not covered by the terms of the policy; and (4) that there was no evidence of any waiver or forfeiture.

Further reducing these points it can be said, in substance, that the defendant's position is that plaintiff's accident is not covered by the policy; that it is a risk of a liability not contemplated or contracted for by the parties; and that the doctrine of waiver and estoppel cannot be invoked to create a non-existing liability.

Counsel for defendant cites many adjudications of the courts of our sister states which unquestionably support the holding that although there might be a waiver of a forfeiture, or of a breach of a condition, nevertheless, neither waiver or estoppel can be invoked against the insurer for the purpose of extending the scope of the written contract between the parties beyond the question of the ordinary meaning of the language employed therein.

The problem here presented, however, is not without precedent with us. The law of our state on the application of the doctrine of waiver or estoppel against an insurer who undertakes, as did the defendant here, the defense of a claim against its assured is well settled. Such undertaking, with full knowledge of the fact, in the absence of a non-waiver agreement between the insurer and insured imposes liability on the insurer. And that liability is grounded on the doctrine of waiver or estoppel. (See cases collated in the recent opinion of our Court of Errors and Appeals, in *Cook* v. *Preferred Accident Insurance Co.*, 114 *N. J. L.* 141; 176 *Atl. Rep.* 178.) And this notwithstanding that, by so doing, the

scope of the undertaking between the insurer and the insured is thereby extended.

The last cited case is a striking illustration. In many respects it is quite similar to the case at bar. In that case the driving of the car was illegal; it was prohibited by statute—(driver was under seventeen years of age)—and such driving was expressly excluded by the terms of the policy.

"The driver of the automobile * * * had no license and, admittedly, was aged sixteen years and seven months at the time of the accident, whereas the New Jersey statute, section 10, as amended by chapter 171 (*Pamph. L.* 1931, *p.* 357; *N. J. Stat. Annual* 1931, *p.* 241, § 135-59), provides that no person shall drive an automobile unless licensed to do so and that no person under the age of seventeen years shall be so licensed, and the policy provided that 'this policy shall exclude any obligation of the company while any disclosed automobile is being driven * * * by any person under the age fixed by law * * *.' "

In the case at bar the plaintiff was also not of age, the law made his employment illegal and the coverage of the policy was expressly limited to those legally employed. In the cited case the court in its concluding paragraph, pages 145, 146, said:

"We consider that if the defendant knew, when it began its investigation shortly after the accident, that Miss Dunne was under the lawful age to operate an automobile, and nevertheless continued with the investigation and took charge of and conducted the preparation of the defense and likewise took charge of and conducted the trial, making no disclaimer of liability or reservation of its rights except by a dictation to the court stenographer at chambers late in the trial and without notice to or knowledge by its insured, it was estopped from setting up the fact of unlawful age as a defense in the suit. The defendant denied having that knowledge, and the question therefore became one of fact. That fact was put clearly before the jury for determination, and the jury were charged as to the legal effect of their factual decision: ' * * * if you find * * * that the company * * * knew of

the alleged violation  *  *  *  and notwithstanding that information proceeded to defend Mrs. Dunne and failed to disclaim  *  *  *  then it will not now be heard to set that up as a defense in the present suit  *  *  *.' Our view that a disputed question of fact was involved makes the ruling of the trial court denying the motions for nonsuit and direction of a verdict entirely proper."

While the burden of the plaintiff to establish by proper proofs his alleged cause of action never shifts, yet, on the proofs, and defendant's own admissions of its action here, a *prima facie* case was established. If defendant desired the benefit of its alleged agreement of non-waiver with its assured (*Neilson* v. *American Mutual, &c., Boston,* 111 *N. J. L.* 345; 168 *Atl. Rep.* 436), it was its clear duty to "go forward" with its explanatory proof.

Under these views it becomes unnecessary to treat of the other points raised.

It was prejudicial error to nonsuit. Judgment is reversed, and a new trial granted accordingly. Costs to abide the event.