THEODORE S. MILLER, JR., AND KREUGER BEVERAGE COMPANY, A CORPORATION, APPELLANTS, v. MOTOR CLUB INSURANCE COMPANY, A CORPORATION, RESPONDENT.

Argued October 21, 1936—Decided January 22, 1937.

For the appellants, *Harold K. Smith.*

For the respondent, *Green & Green (Harry Green,* of counsel).

The opinion of the court was delivered by

LLOYD, J.   There was a stipulation of the substantial facts and the case was submitted to the learned trial judge without a jury.   Upon this stipulation it appeared that the defendant issued its policy January 2d, 1931, to one Reuben Stier.   It was a liability policy covering Stier's Chevrolet coach while being operated by Stier or by any other person with his permission.   Manuel Stier, a son of the insured, was operating the car while in the service of the Kreuger Beverage Company, and as that company's employe, with the father's permission.   While using it, the car was involved in an accident resulting in personal injuries to one Claude McCollum. Judgment was recovered by McCollum for these injuries against Manuel Stier and the Kreuger Company on March 19th, 1932.   The judgment was purchased in the name of Miller (or paid) by the Royal Insurance Company, which company had insured the Kreuger Company against liability for damages to persons or property resulting from the operation of certain automobiles of that company.

Action was then instituted by the Royal Insurance Company through Miller against the insurer of Reuben Stier, the defendant in this case.   This action was begun sometime in March, 1933; the exact date is in dispute between the parties.

The liability of the Kreuger Company as well as of its employe Manuel Stier has been established by the judgment of McCollum.   This liability was predicated upon the negligence of the operator of the car while the operator was in the employ of the Kreuger Company.

If the judgment was paid by the Royal Insurance Company as the result of obligations contained in the policy which the insurance company had issued to the beverage company then obviously it was paying its own debt, and, in the absence of a right of contribution (which is not asserted here) it could have no right of recovery against the defendant in the present case.   It was contended, however, that because of certain facts it was not liable on its policy to the Kreuger Company and therefore it stood solely in the relation of an assignee of the McCollum judgment.   This question was not passed upon by

the trial judge, who held that an amendment to the complaint introduced a new and different cause of action, and that this amendment was filed too late as of time by reason of the terms of the policy.

From the stipulation of facts it further appears that the Royal Insurance Company undertook the defense of the action as against Kreuger and Manuel Stier without reservation, and the trial of the action was conducted by its attorneys on behalf of both. It is admitted in appellant's brief that the Royal's policy was one of absolute liability under the New Jersey Financial Responsibility act. By according defense the insurance company under our cases became fixed in its liability to protect Kreuger against the judgment which McCollum subsequently obtained. The judgment against Kreuger became the obligation of Royal and it could not be shifted to the present defendant by a roundabout purchase of the judgment instead of its extinguishment. *Caiola* v. *Aetna Life Insurance Co.,* 13 *N. J. Mis. R.* 845; 181 *Atl. Rep.* 524; *affirmed,* 116 *N. J. L.* 381, and cases cited.

What is here stated we think is also applicable to the alleged purchase of the judgment in so far as it was against Stier. The policy was a general one insuring not only the Kreuger Company but any one operating the car with its permission. To this was added an endorsement limiting such liability to the Kreuger Company and certain others named if the car operated be one leased or loaned by or registered in the name of the insured; also a schedule specifying certain individual employes only as protected.

Whether there was a hiring or leasing of the Stier car by Kreuger is perhaps not clear under Manuel Stier's employment, and it is not important, as our conclusion is that by making defense for Manuel Stier and conducting the trial on his behalf, the company waived the right to assert noncoverage either by virtue of the limiting provision or of the schedule. There was the general provision of coverage. If the subsequent modification were relied upon, such reliance must have been accompanied by a repudiation of liability rather than by a course leading the defendant to believe he

was protected. Such conduct has been repeatedly held to estop insurance companies from subsequently repudiating liability. See cases cited, *supra*.

The defendant's policy contained provisions that any action predicated thereon must be commenced within twelve months from the time the right of action accrued. These precise provisions have been before this court in the case of *Kinderwater* v. *Motorists Casualty Co.*, 117 *N. J. L.* 131, and it was there held that the right of action on the policy accrued upon the entry of final judgment against the assured.

The time of commencement of the present action is in dispute between the parties, appellant asserting that it was begun March 16th, 1933; the respondent that it was begun on March 23d, 1933. The summons appears to have been dated March 16th and filed March 23d. A summons is presumed to be issued on the day it bears date, and such presumption stands in the absence of proof to the contrary. Practice act, 1903, page 548, section 47. Of such proof there appears to be none.

It is we think clear that the original action was begun within the limitation of time prescribed in the policy but this does not dispose of a further question raised and passed upon in the court below and that is whether the amendment to the pleadings was such an amendment as to constitute a new cause of action. On this point it appears that while the policy was issued to Reuben Stier, the complaint alleged liability on a policy issued to Manuel Stier. No such policy was ever issued. It would be impossible for the plaintiff to prove or recover on such a policy. Discovering that the mistake had been made, an amendment was filed substituting Reuben Stier as the policyholder. This amended complaint was concededly out of time under the terms of the policy, having been filed on January 23d, 1936. Manuel Stier was not an assured named in the policy, nor did he become such unless under conditions operating with the permission of the assured as circumstances might indicate. Reuben Stier certainly was not liable on any policy issued to Manuel Stier. He could only be liable on the policy issued to himself and that was not alleged until long after the right had passed.

There is much to be said for the view taken by the learned trial judge that the amendment was of such a character that it constituted a change of basic right in the pleadings and became a new cause of action, and being filed long after the period limited in the policy for the bringing of an action against the defendant, the plea of the limitation was effective and the judgment was properly directed on this ground. We think, however, it is unnecessary to pass upon this point as in our opinion the case was properly disposed of on the fundamental ground that no right of action exists.

The two insurance companies stood in substantially similar relation to the original litigation; the plaintiff insuring Kreuger and its agent; the defendant insuring the owner of the Stier car and its operator at the time of the accident. In addition the negligence which caused the injuries to McCollum was that of the servant of the Kreuger Company. If the Royal Insurance Company under these circumstances could sue the Motor Club Insurance Company, then with still greater propriety could Motor Club, free from negligence of any employe, purchase the judgment and sue Royal. Such a situation we think condemns appellant's claim as illogical and without support of law.

In a case strikingly similar (*Maryland Casualty Co.* v. *Bankers Indemnity Co.*, 200 *N. E. Rep.* 849), the Court of Appeals of Ohio held that no such liability existed. See, also, *Fiorentino* v. *Adkins*, 9 *N. J. Mis. R.* 446; 154 *Atl. Rep.* 429.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 14.

*For reversal*—None.