SHENK, J.
 

 Western Machinery Company recovered a judgment against the defendant, Bankers Indemnity Insur
 
 *489
 
 anee Company in the sum of $1350 on an insurance policy issued by the defendant indemnifying the plaintiff against liability for accidental bodily injuries or death or for property damages by reason of the ownership of the automobiles described in the policy. One Lawton was injured while riding in an automobile operated by one of the plaintiff’s employees. The liability of the defendant was not questioned unless, under the undisputed facts, the carriage of Lawton in the plaintiff’s automobile at the time was excluded from coverage by the declaration contained in the policy that the automobile would not be used to carry passengers for a consideration, actual or implied. There was also involved the question whether the use of the automobile at the time was a permitted business use under the policy provisions. The defendant has appealed from the judgment.
 

 The only questions are whether the court correctly found and concluded that Lawton was not a passenger for a consideration within the meaning of the policy and that the automobile was being put to a use permitted by the policy, namely, for making a call in connection with the business of the plaintiff.
 

 One of the insured’s declarations forming a part of the policy was that “none of the insured automobiles are or will be used to carry passengers for a consideration, actual or implied”. The plaintiff’s business was designated in the policy as that of “machinery”. Another item of the declarations was that the automobiles covered would be used for “business and pleasure”, and defined that phrase as “personal, pleasure and family use, including business calls”.
 

 Lawton was being transported by the plaintiff’s representative from San Francisco to Kyburz, where Lawton inspected some machinery which the plaintiff was offering for sale to Lawton's employer, the Union Paving Company. An accident occurred on the return trip through the negligence of the driver which resulted in injuries to Lawton. The Union Paving Company subsequently bought the machinery which Lawton had inspected. No monetary or other valuable return for the transportation of Lawton was made to the plaintiff.
 

 The position of the defendant is that inasmuch as Lawton was not a “guest” within the meaning of the provisions of section 141% of the California Vehicle Act (Stats. 1923, p. 517, now sec. 403, Vehicle Code, Stats. 1935, p. 154),
 
 *490
 
 prohibiting the recovery by a person injured through the negligence of his host, he necessarily became a passenger for a consideration within the meaning of the policy provision. The defendant seeks an interpretation of the word ‘ consideration” used in the policy clause, as any “compensation” which is “given for the ride” within the provisions of the Vehicle Code.
 

 The decisions in such cases as
 
 Walker
 
 v.
 
 Adamson,
 
 9 Cal. (2d) 287 [70 Pac. (2d) 914], and
 
 Haney
 
 v.
 
 Takakura,
 
 2 Cal. App. (2d) 1 [37 Pac. (2d) 170], interpreting statutory provisions, make no addition to the law applicable in the interpretation of insurance policies, which is restated in the cases hereinafter cited and does not require repetition here. (See, also,
 
 Worswick Co.
 
 v.
 
 Industrial Acc. Com.,
 
 181 Cal. 550, 560 [185 Pac. 953]; 14 Cal. Jur., pp. 443 et seq.) No pertinent authority has been cited from this state on the question of when an automobile is “used to carry passengers for a consideration, actual or implied” as that phrase is employed in insurance
 
 policies;
 
 but the language has been interpreted in other jurisdictions.
 

 In
 
 Dahl
 
 v.
 
 Moore,
 
 161 Wash. 503 [297 Pac. 218], the Supreme Court of Washington held that the plaintiffs, who were riding in the defendant Moore’s car for the purpose of inspecting real estate offered for sale by Moore’s employer, were not gratuitous passengers but were entitled to recover damages for injuries suffered through Moore’s ordinary negligence. The rule in that state was that gratuitous passengers could not recover for the ordinary negligence of their host. A subsequent action brought to recover on Moore’s policy of insurance presented the question whether the automobile under the circumstances was being “used in the carriage of passengers for a consideration, express or implied”. The same court held that the facts did not constitute a carriage of passengers for a consideration. It also held that the use then being made of the automobile was a “business” use as defined in a policy designating the business of the assured as “real estate”, and permitting business uses
 
 (Central Surety & Ins. Corp.
 
 v.
 
 London & Lancashire Indemnity Co. of America,
 
 181 Wash. 353 [43 Pac. (2d) 12].)
 

 In
 
 Ocean Accident & Guarantee Corp.
 
 v.
 
 Olson,
 
 87 Fed. (2d) 465, in discussing a similar clause, the court said that “the word ‘consideration’ in the policy clearly is limited
 
 *491
 
 to compensation for use of the car”. It concluded that under the facts there presented the contribution to the expense of the trip had no relation to payments for use of the ear. Supporting authority was found in
 
 Park
 
 v.
 
 National Casualty Co.,
 
 222 Iowa, 861, 270 N. W. 23, wherein a similar disposition of the question was made.
 

 In
 
 Marks
 
 v.
 
 Home Fire
 
 &
 
 Marine Ins. Co.,
 
 285 Fed. 959 [52 App. D. C. 225], where there was involved a condition which nullified the policy if the automobile was used in carrying passengers for compensation, the word “passenger” was defined as one who was carried for a fare by some established or public conveyance. (See, also, note 14 A. L. R, at p. 205, and cases cited; Huddy Encyclopedia of Automobile Law, p. 150;
 
 Maringer
 
 v.
 
 Bankers Indemnity Ins. Co.,
 
 288 Ill. App. 335 [6 N. E. (2d) 307, 311];
 
 Arms
 
 v.
 
 Faszholz,
 
 (Mo. App.) 32 S. W. (2d) 781, 782.) The Supreme Judicial Court of Massachusetts, however, rejected such a definition in a case involving a declaration that the automobile would not be used for carrying passengers for a consideration, and held that where the accident occurred during a single instance of carrying a passenger for a valuable consideration the insurer was exonerated from liability.
 
 (Sleeper
 
 v.
 
 Massachusetts Bonding & Ins. Co.,
 
 283 Mass. 511 [186 N. E. 778]; see, also,
 
 American Lumbermen’s Mut. Casualty Co. of Illinois
 
 v.
 
 Wilcox,
 
 16 Fed. Supp. 799;
 
 Neilson
 
 v.
 
 American Mut. Liability Ins. Co. of Boston,
 
 111 N. J. L. 345 [168 Atl. 436].)
 

 Then in
 
 Jasion
 
 v.
 
 Preferred Acc. Ins. Co.,
 
 113 N. J. L. 108 [172 Atl. 367], an invitee, who was being transported on a trip the purpose of which was to inspect a cow with the object of purchasing it, was held not to be a passenger under the terms of a policy excluding use of the commercial vehicle described therein to carry passengers regardless of whether a consideration was charged. It was the court’s opinion that the carriage of the plaintiff was incidental to the business at hand, which was held to be a permitted use under the policy, and that he was therefore not a passenger. This decision also supports the conclusion in the present case that the transportation of the insured’s prospective customer to inspect the machinery offered for sale was a business use of the vehicle permitted by the policy.
 

 In
 
 Ocean Accident & Guarantee Corp.
 
 v.
 
 Torres,
 
 91 Fed. (2d) 464, the injured person who recovered judgment had
 
 *492
 
 been assisting her employer in some household domestic service and was not therefore a guest under the applicable section of the California Vehicle Act. The Circuit Court of Appeals for the Ninth Circuit, dispelled the “dilemma”— that if the rider was not a guest precluded from recovery she was
 
 a fortiori
 
 a passenger for a consideration,—by applying the principle of the case of
 
 Malmgren
 
 v.
 
 Southwestern Automobile Ins. Co.,
 
 201 Cal. 29 [255 Pac. 512]. It stated: “As we have already seen, the Malmgren case,
 
 supra,
 
 holds that: ‘The substantive law of this state cannot be enlarged, circumvented, defeated, or modified by any provision which the insurer may have elected to place in its contract in derogation of or in conflict therewith. ’ Within the spirit of that decision, the appellee herein is a third party ‘for whose protection the law was adopted’, and she cannot ‘be hindered, delayed, or defeated by the private agreements of two of the parties to a triparty contract’.” No other ground for the court’s conclusion on that point was given, nor was any other authority cited in support thereof. It is true that the court referred to the act of 1919 (Stats. 1919, p. 776), which gives the injured person the conditional right to sue the insurer, as containing no “limitation that in order to recover, such injured person must not have been ‘ carried for a consideration’ ”. However, with the exception of the subject-matter there expressly covered, the act made such suit by the injured person otherwise “subject to” the “terms and limitations” of the policy. The Torres case also involved the question as to which the act of 1919 and the decision of the Malmgren case were directly applicable. In connection therewith the court noted the later case of
 
 Hynding
 
 v.
 
 Home Acc. Ins. Co.,
 
 214 Cal. 743 [7 Pac. (2d) 999, 85 A. L. R. 13], as approving the Malmgren ease. But it failed to note, in connection with the question now under consideration, that in the later case the Malmgren decision was rejected as not governing a matter which was not expressly covered by statute and which the act left subject to the agreement of the contracting parties. It is the Hynding case, therefore, which is pertinent and controlling on the question here whether the parties’ agreement as to the permissive uses is binding on the injured person. In the absence of any law declaring the obligation of the insurer in that respect, the conclusion is compelling that the injured person
 
 *493
 
 is bound by the limitations contained in the policy. Other cases hold that a breach of a declaration similar to that here involved constitutes a defense in an action by the injured person against the insurer.
 
 (Neilson
 
 v.
 
 American Mut. Liability Ins. Co. of Boston, supra; Orient Ins. Co.
 
 v.
 
 Van Zant-Bruce Drug Co.,
 
 50 Okl. 558 [151 Pac. 323].) However, on the question of the liability of the insurer under a similar declaration, the result in the Torres case is in harmony with the other cases reviewed herein on the facts there involved. Those decisions appear to be uniform at least on the question of what constitutes “consideration” as that word is used in insurance policies.
 

 Cases such as
 
 Neilson
 
 v.
 
 American Mut. Liability Ins. Co. of Boston, supra,
 
 and
 
 Bleeper
 
 v.
 
 Massachusetts Bonding & Ins. Go., supra,
 
 do not aid the defendant. They involved a monetary consideration passing to the insured. The authorities interpreting the pertinent provisions in insurance policies under circumstances similar to those here involved are opposed to the defendant’s position.
 

 It follows that, as contemplated by the policy, (1) the plaintiff was not using the automobile to carry passengers for a consideration, actual or implied; and (2) the carriage of Lawton to inspect the machinery of the plaintiff was a permissible business use of the automobile—and the rights of the parties are governed accordingly.
 

 The judgment is affirmed.
 

 Houser, J., Curtis, J., Edmonds, J., Langdon, J., and Waste, C. J., concurred.