[Civ. No. 3395.   Third Appellate District.—December 29, 1927.]

FRANK BRYSON, Special Administrator, etc., Respondent, v. INTERNATIONAL INDEMNITY COMPANY (a Corporation), Appellant.

W. I. Gilbert for Appellant.

Cooper, Collings & Shreve for Respondent.

FINCH, P. J.—June 17, 1921, the defendant issued its policy of indemnity insurance to Avran S. Tomich against liability for injuries by accident in the use of his Ford

truck to "any person or persons other than passengers carried for an expressed or implied consideration" up to an amount not exceeding $10,000 in any one accident and not exceeding $5,000 to any one person, but excluding "any liability imposed by any workmen's compensation act." Under the heading "Schedule of Statements" the following appear:

"5. The automobiles are used for the following purposes only: Hauling. 6. None of the automobiles herein described are rented to others or used to carry passengers for any express or implied consideration, except as follows: No exceptions."

The policy provides: "No action for the indemnity provided by this policy shall lie against the company except for reimbursement of the amount of loss actually sustained and paid in money by the insured in full satisfaction of a judgment duly recovered against the insured after final determination of the litigation . . . it is a condition of this policy that the insolvency or bankruptcy of the insured shall not release this company from the payment of damages for injuries sustained or loss occasioned during the term this policy is in force; and provided, further, that in the event judgment shall be secured against such insolvent or bankrupt assured hereunder in an action brought by any injured person, or his heirs or personal representatives in case of death from any accident covered hereunder, then an action may be brought against the company on this policy, and subject to its terms and conditions, by such injured person, his heirs or personal representatives, as the case may be, to recover on said judgment an amount not in excess of the amount of such judgment nor in any event an amount in excess of the limits of indemnity as set forth in this policy."

Tomich was a sewer contractor, engaged in repair work and in new construction. The truck in question was used in connection with such work. In his employ was a man named Ciriacio P. Sordia, who during the life of the policy was injured through the negligence of Tomich in causing the truck to overturn while he and Sordia were riding therein on their way from the place of employment. Sordia brought an action against Tomich for damages caused by

such negligence and recovered judgment therein in the sum of $6,300. After the commencement of that action and before the trial thereof, Tomich gave notice thereof to the defendant herein and demanded that it take charge of his defense therein, as provided in the policy, but the defendant refused and denied all liability in the matter. Tomich became insolvent and Sordia made demand upon the defendant for payment of the sum of $5,000 in accordance with the terms of the policy and, upon defendant's refusal to make such payment, this action was commenced to recover the sum demanded. The defendant answered, denying liability on the ground, among others, that at the time of the accident Sordia was "being transported by the insured for an implied consideration." Thereafter Sordia died and the special administrator of his estate was substituted as plaintiff. Judgment was entered in favor of plaintiff and the defendant has appealed.

The provisions of the policy giving a right of action against the company to an injured person in the event of the insolvency of the insured are in literal compliance with the statute of 1919 relating to actions of that character. (Stats. 1919, p. 776.) Since the briefs herein were filed that statute has been considered in three cases. (*Malmgren* v. *Southwestern Automobile Ins. Co.*, 201 Cal. 29 [255 Pac. 512]; *Pigg* v. *International Indemnity Co.*, 86 Cal. App. 671 [261 Pac. 486]; *Marple* v. *American Automobile Ins. Co.*, 82 Cal. App. 137 [255 Pac. 260].) It is unnecessary to discuss any of the points raised by the appellant herein which were decided in those cases.

As stated, the answer alleges that at the time of the accident Sordia was "being transported by the insured for an implied consideration." It appears from the record that the issue thereby raised was not carefully tried, counsel for the plaintiff being of the opinion that the defendant was estopped to raise the question by the judgment against Tomich. Apparently on that theory the court made the following finding:

"The court finds that by reason of the decision and judgment heretofore entered in that certain action in the Superior Court of the state of California, in and for the county of Los Angeles entitled 'Ciriacio P. Sordia, plaintiff *versus*

Avran S. Tomich, defendant,' being numbered 102747 on the docket of said court, and having been entered on the 11th day of October, 1922, and for that reason only, that it is not true that the said Ciriacio P. Sordia at the time of the collision and accident on the 19th day of November, 1921, was being transported by the said Avran S. Tomich for an implied, or any consideration, and further finds that had it not been for the judgment hereinbefore rendered, that it would have been true that the said C. P. Sordia at the time of the collision and accident on the 19th day of November, 1921, was being transported by the said A. S. Tomich for a consideration express or implied.''

The judgment-roll in *Sordia* v. *Tomich* was introduced in evidence. The complaint therein stated a simple cause of action for damages resulting from the negligence of the defendant, Tomich, and the answer consisted of a denial of such negligence and a defense of contributory negligence. The findings were limited to the issues raised by the pleadings. The judgment-roll therein contains no reference to the defendant in this action or to any policy of indemnity insurance. To have established in the action against Tomich the facts which the defendant herein sets up as a defense would have only strengthened the case against him, because a higher degree of care is required of a carrier of persons for reward than of such a carrier without reward. (Civ. Code, secs. 2096 and 2100.) The statute cited requires a provision in such a policy that, in the event of the insolvency of the insured and the recovery of judgment for damages against him by an injured person, ''an action may be brought against the company, on the policy and subject to its terms and limitations, by such injured person, . . . to recover on said judgment.'' Had the insured paid the amount of the judgment it would have been conclusive in his favor against the company on every issue properly tried in the action against him, he having notified the company of the action and requested it to defend the same. (Civ. Code, sec. 2778, subd. 5.) Since the policy provides for an action on such a judgment by the injured person against the company, under the circumstances stated, the evident intent is that such person shall have the rights which the insolvent insured would have had if he had paid the judgment. Such

a judgment is conclusive only in respect to the matters adjudged. No one would contend that it precludes the company from defending on the ground that it did not issue the alleged policy or that the policy issued by it does not cover the motor vehicle which caused the injury. It seems equally clear that the company may show in defense that its policy does not indemnify against liability for damage to persons of the class to which the injured person belongs. In other words, before the company can be held liable as an indemnitor it must be proved that it is an indemnitor. "While one who is required to protect another from liability is bound by the result of litigation to which such other is a party, provided the former had notice of such litigation, and an opportunity to control its proceedings, a judgment against a party indemnified is conclusive in a suit against his indemnitor only as to the facts thereby established. The estoppel created by the first judgment cannot be extended beyond the issues necessarily determined by it." (14 R. C. L. 62; 31 C. J. 461; *Pezel* v. *Yerex*, 56 Cal. App. 304, 309 [205 Pac. 475].)

The finding herein quoted may mean that at the time of the accident Sordia "was being transported by the said A. S. Tomich for a consideration express or implied," but that, by reason of the judgment in favor of the former against the latter, the defendant herein is estopped to defend on that ground, but it is not an unequivocal finding either one way or the other on the issue whether Sordia was a passenger for a consideration. Tomich has a poor command of the English language. As testified by the adjuster of the defendant, it was difficult "to get from Mr. Tomich the facts as to the accident." From some of his answers to leading questions it may be inferred that Sordia was a passenger for a consideration. On the other hand, his testimony as a whole would warrant the inference that Sordia was not a passenger for a consideration. In this state of the evidence, the case having been tried on an erroneous theory of the law, both parties are entitled to an unequivocal finding on the issue, which is the only material issue in substantial controversy, but it appears to be unnecessary to retry any other issue.

The judgment is reversed, and the trial court is directed to retry the single issue whether Sordia was a passenger for an express or implied consideration at the time of the accident and thereupon to enter judgment for the party in whose favor such issue may be found.

Plummer, J., and Hart, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 27, 1928.

Seawell, J., and Preston, J., dissented.