[Civ. No. 5417. Third Appellate District.—April 17, 1936.]

THEODORE SCHOEFER, Appellant, v. FARMERS AUTOMOBILE INTER-INSURANCE EXCHANGE (a Corporation), Respondent.

John C. Peppin for Appellant.

Morgan J. Doyle, Thomas B. Leeper and James W. Hughes for Respondent.

PULLEN, P. J.—This appeal arose out of an accident wherein an automobile owned by Wayne Smythe, and being driven with his permission by Eugene P. Hughes, struck and injured Ralph H. Field.

Field commenced an action against both Smythe and Hughes, and recovered judgment against each defendant. Thereafter the judgment against Smythe was vacated upon the ground that he was a minor and no guardian *ad litem* had been appointed for him. Execution was issued against

Hughes, and the judgment was paid by a third party, and repayment to such third party guaranteed by security pledged by Hughes. Fields thereupon assigned the judgment against Hughes to Schoefer, plaintiff and appellant herein, acting for the third party above referred to, who brought the present action against Farmers Automobile Inter-Insurance Exchange, respondent herein, the insurance carrier for Smythe.

This action was brought by appellant on the theory that the insurance carried by Smythe covered the liability of Hughes to Field and also contended that the Insurance Exchange, having taken control of the defense of Hughes in the action brought by Field against Smythe and Hughes is now estopped to deny that the policy covered and enured to the benefit of Hughes.

The liability of respondent is fixed and defined by the terms of an indemnity contract entered into between Smythe and respondent herein, wherein the Exchange insures Smythe against legal liability imposed upon him resulting solely and directly from an accident by reason of the ownership, maintenance or use of the automobile described in the policy, for bodily injury suffered by any person. The policy contains a provision that the Exchange shall not be liable for loss or damage caused while the automobile is being operated by any person other than the insured, or a member of his immediate family, or paid driver, unless said person is operating said automobile with the consent of the insured, except that this extension shall not be applicable to any public garage, repair shop, sales agency or service station.

Appellant contends that when the automobile was being operated by one otherwise qualified, with the consent of the insured, the Exchange was liable. Appellant devotes considerable space to a discussion of the meaning of this provision of the policy but we do not believe it necessary to go into that phase of the matter in view of the fact that until a judgment is shown to exist against Smythe, the owner of the car, the Exchange cannot be held liable. It is clear from the policy that it insures only against legal liability imposed upon the owner Smythe, and unless there is some legal liability against the owner there is no liability under the policy.

The appellant here is not the insured, nor has he nor anyone else a judgment against the insured, and no legal liability exists against Smythe the beneficiary under the policy. A study of the terms of the policy indicates that it is a contract of strict indemnity and the Exchange is not called upon to act until some legal obligation has been imposed upon Smythe, the second party to the contract. It is the owner of the car who is insured and no legal liability nor judgment existing as to him, he having obtained a judgment in his favor in the trial court, we can find no obligation to appellant upon the part of the company.

The second point urged by appellant is that the Exchange is estopped from setting up the claim that the policy did not cover liability to Hughes by reason of the fact that it assumed complete charge of and control over the defense of Hughes in the action brought against Smythe and Hughes. It does appear from the record that the same attorneys who were engaged by the Exchange and defended Smythe, also appeared and filed a separate answer on behalf of Hughes, and represented him during the trial, but nothing further appears as to who paid the attorneys for said defense of Hughes, nor if they were engaged by the company or by Hughes, or whether they were rendering their services gratuitously.

This point might become very material were it not for the provision of section 1714¼ of the Civil Code, now embodied in section 402 of the Vehicle Code. That section provides that the owner of the motor vehicle shall be liable and responsible for the death or injury to persons or property reresulting from negligence in the operation of such vehicle by any person using the same with the permission of such owner. It is further provided that in such action against the owner, the operator whose negligence is imputed to the owner shall be made a party defendant, and upon recovery of judgment recourse shall first be had against the property of such operator, and if the owner is compelled to pay any judgment or costs, such owner is subrogated to the right of the injured person and may recover from the operator all such judgment and costs paid by the owner.

Inasmuch, therefore, as Hughes, the operator, has paid or caused to be paid the judgment of Field, he cannot recover

against Smythe nor against respondent herein, the indemnitor of Smythe.

The judgment is affirmed.

Thompson, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 15, 1936.