[Civ. No. 5714. Fourth Dist. Nov. 14, 1958.]

C. M. BONFILS et al., Appellants, v. PACIFIC AUTO-MOBILE INSURANCE COMPANY (a Corporation), Respondent.

King & Mussell for Appellants.

Wilson & Wilson for Respondent.

COUGHLIN, J. pro tem.*—The plaintiffs, Mr. and Mrs. Bonfils, recovered a default judgment, in the sum of $8,733.65, against Ygnacio C. Vielma, on account of injuries sustained

*Assigned by Chairman of Judicial Council.

by them in an automobile accident occurring on July 23, 1950. The judgment was entered June 30, 1953. In their complaint against Vielma, the plaintiffs alleged that he "so negligently, carelessly and recklessly drove and operated" his Buick automobile as to cause it to collide with a Chevrolet automobile being driven by Mr. Bonfils, in which Mrs. Bonfils was riding, proximately resulting in severe personal injuries to both of them.

Prior to this accident, the defendant, Pacific Automobile Insurance Company, had issued to Vielma a policy of insurance indemnifying him against loss on account of personal injury or property damage arising out of the use of his Buick automoblie.

Among other things, this policy stated:

(1) That the defendant agreed to "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to" person or property "caused by accident and arising out of the ownership, maintenance or use of the automobile"; and also agreed to "defend any suit against the insured alleging such injury . . . and seeking damages on account thereof, even if such suit is groundless, false or fraudulent."

(2) That, for the purposes in question, the "word 'insured' includes the named insured and also includes any person while using the automobile . . . provided the actual use of the automobile is by the named insured or with his permission"; and

(3) That, "Any person . . . who has secured" a judgment against the insured on account of such injury "shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy."

An endorsement attached to the policy contained this statement: "It is understood and agreed that the coverage under this policy, shall be null and void if the within described automobile, shall be operated by any person, outside of the named insured. All other declarations, agreements and conditions remaining unchanged."

The defendant determined that, at the time of the accident in question, the Buick automobile was being operated by a person named Nykatha Miller, not by Vielma; and on August 23, 1950, which was a month after the accident, notified Vielma that no coverage was afforded under any of the provisions of his policy, because his automobile had been driven by a person other than himself, with his consent.

In the following January, the plaintiffs commenced their action against Vielma; a copy of the complaint was served on him and, in turn, delivered to the defendant with a demand that it appear in and defend the action on his behalf. No appearance was made; Vielma's default was entered; judgment ensued awarding Mrs. Bonfils $5,000 and Mr. Bonfils $3,733.65.

The Bonfils made a demand upon the defendant to pay this judgment. Upon refusal this action was commenced. The trial court found that Vielma was not driving the Buick at the time of the accident, and concluded that the insurance company was not liable under the policy because of the endorsement provision, that coverage should be null and void if the subject automobile was operated by a person outside of the named insured. Judgment in favor of the defendant was entered accordingly, from which the plaintiffs take this appeal.

The plaintiffs contend that the endorsement provision is contrary to public policy and therefore null and void; and, further, that the finding of the court in the accident case, that Vielma was driving the Buick at the time of the accident, is binding upon the defendant in this case.

■ "An insurance company has the right to limit the coverage of a policy issued by it and when it has done so, the plain language of the limitation must be respected." (*Continental Cas. Co. v. Phoenix Const. Co.*, 46 Cal.2d 423, 432 [296 P.2d 801, 57 A.L.R.2d 914].) However, any such limitation must conform to the law; if contrary to public policy it is void.

■ The Automobile Financial Responsibility Law of California is set forth in sections 410 through 423.1 of the Vehicle Code, the provisions of which are "directly intended *for the benefit of drivers and owners of motor vehicles* as a means of forestalling suspension of the license of the driver and of the registration of the vehicle or vehicles, *and, more fundamentally, designed to give monetary protection to that ever changing and tragically large group of persons who while lawfully using the highways themselves suffer grave injury* through the negligent use of those highways by others." (Latter italics ours.) (*Continental Cas. Co. v. Phoenix Const. Co.*, 46 Cal.2d 423, 434 [296 P.2d 801, 57 A.L.R.2d 914].) ■ This law declared the public policy of this state in the premises; it is "remedial in nature and in the public interest is to be liberally construed to the end of fostering its objectives."

(*Continental Cas. Co.* v. *Phoenix Const. Co.*, 46 Cal.2d 423, 434 [296 P.2d 801, 57 A.L.R.2d 914].) Section 415 of the Vehicle Code, a part of the Financial Responsibility Law, requires that every policy of insurance issued pursuant to that law "shall insure the person named therein and any other person using or responsible for the use of said motor vehicle or motor vehicles with the express or implied permission of said assured."

■ In *Wildman* v. *Government Emp. Ins. Co.*, 48 Cal.2d 31, 39 [307 P.2d 359], the Supreme Court of this state expressed the rule applicable to the case at bar, as follows: "It appears that section 415 must be made a part of every policy *of insurance issued by an insurer* since the public policy of this state is to make owners of motor vehicles financially responsible to those injured by them in the operation of such vehicles. Section 402 of the Vehicle Code provides that 'Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages.' ■ We are of the opinion that for an insurer to issue a policy of insurance which does not cover an accident which occurs when a person, other than the insured, is driving with the permission and consent of the insured, is a violation of the public policy of this state as set forth in sections 402 and 415 of the Vehicle Code." (Italics ours.)

Defendant urges that the mandate of section 415 of the Vehicle Code applies only to policies of insurance issued after suspension proceedings have been instituted in connection with a judgment against a nonresponsible automobile owner or driver. The cited language from the opinion in the Wildman case is directed to "*every* policy of insurance issued by an insurer"; this declaration was reiterated therein where the court said: "Inasmuch as sections 402 and 415 of the Vehicle Code set forth the public policy of this state such laws must be considered a part of *every* policy of liability insurance even though the policy itself does not specifically make such laws a part thereof"; and again where it is stated: ". . . said sections were intended by the Legislature to be, and are, a part of *every* policy of motor vehicle liability insurance issued

by an insurance carrier authorized to do business in this state.'' (Italics ours.) (*Wildman* v. *Government Emp. Ins. Co.,* 48 Cal.2d 31, 40 [307 P.2d 359].)

Every motor vehicle liability policy of insurance issued in this state, by virtue of law, covers both the owner of the subject automobile and every person using the same with the owner's consent; any omission of an express provision in such a policy resulting in a failure to effect this dual coverage is supplied by implication of law; by the same standard, any provision therein which expressly excludes such coverage, being contrary to public policy, is rendered ineffectual by law. The insurance provisions of the Automobile Financial Responsibility Law were intended for the benefit not only of the drivers and owners of motor vehicles, but also for persons injured as a result of their negligence. (*Continental Cas. Co.* v. *Phoenix Const. Co.,* 46 Cal.2d 423 [296 P.2d 801, 57 A.L.R.2d 914]; *Bachman* v. *Independence Indem. Co.,* 112 Cal.App. 465, 483 [297 P. 110, 298 P. 57].) ██ ''The substantive law of this state cannot be enlarged, circumvented, defeated, or modified by any provision which the insurer may have elected to place in its contract in derogation of or in conflict therewith. The statute is founded upon principles of public policy and an anomalous situation would be created if the rights of third parties, for whose protection the law was adopted, could be hindered, delayed, or defeated by the private agreements of two of the parties to a triparty contract.'' (*Malmgren* v. *Southwestern A. Ins. Co.,* 201 Cal. 29, 33 [255 P. 512].) In issuing the policy in question the defendant insurance company impliedly agreed that such policy should conform to the law. This is a mandate of law.

Moreover, the policy in question, by its express provisions, amended itself to conform to the statutes of this state (*Cassin* v. *Financial Indem. Co.,* 160 Cal.App.2d 631, 635 [325 P.2d 228]).

The endorsement which provides that ''the coverage under this policy, shall be null and void if the within described automobile, shall be operated by any person, outside of the named insured,'' also states: ''All other declarations, agreements and conditions remaining unchanged.'' Among the latter are the following provisions:

''TERMS OF POLICY CONFORMED TO STATUTE:

''Terms of this policy which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes.'' And

"FINANCIAL RESPONSIBILITY LAWS: . . . . Such insurance as is afforded by this policy for bodily injury liability or property damage liability shall comply with the provisions of the Motor Vehicle Financial Responsibility law of any state or province which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph."

█ Interpreted by the rules applicable to policies of insurance, the endorsement in question did not eliminate, limit or modify the foregoing provisions respecting conformance of the policy to statute and compliance with financial responsibility laws. When these provisions and the endorsement are considered together, as they must be, the endorsement had the limited effect of withdrawing policy coverage when the subject automobile was operated by a person other than the owner only in the event such withdrawal did not conflict with the statute or laws in question.

█ "A cardinal rule of interpretation is that, where a provision of an insurance policy is susceptible of two constructions, it should be construed most strongly in favor of a policyholder"; (*Island* v. *Fireman's Fund Indem. Co.*, 30 Cal.2d 541, 548 [184 P.2d 153, 173 A.L.R. 896] ; ██ "If the insurer uses language which is uncertain any reasonable doubt will be resolved against it"; (*Continental Cas. Co.* v. *Phoenix Const. Co.*, 46 Cal.2d 423, 437 [296 P.2d 801, 57 A.L.R.2d 914] ; and it "is also the rule that exceptions and exclusions are construed strictly against the insurer and liberally in favor of the insured." (*Arenson* v. *National Automobile & Cas. Ins. Co.*, 45 Cal.2d 81, 83 [286 P.2d 816].) It would be unreasonable to assume that the defendant, by the endorsement in question, meant to remove from its written agreement of insurance the unqualified expression of its intention to conform to the public policy and laws of this state. The interpretation which we have given that endorsement conforms with the defendant's expressed general intention.

█ The plaintiffs also urge that the defendant is bound by the finding of the court in the accident case, that Vielma was the driver of the automobile. The judgment awarding

damages found that the allegations of the complaint were true; these allegations included averments that Vielma, as the driver, negligently drove his Buick automobile which resulted in an accident causing bodily injury. A copy of this complaint was sent to the defendant, together with a demand that it defend the action. In accordance with its prior declaration, the defendant refused to defend upon the ground that Vielma was not driving the automobile at the time of the accident, although, in its policy, it had agreed to defend any suit brought against him, even if it were "groundless, false or fraudulent." The fact that Vielma was not the driver, if established, would have constituted a complete defense to the cause of action alleged in the damage suit, as he, alone, was charged with driving the Buick, and he, alone, was charged with negligent driving.

Defendant contends that it was not a party to this suit and, therefore, was not bound by the finding in the judgment therein that Vielma was the driver.

Pertinent and applicable provisions of the statutory law are found in section 2778 of the Civil Code, subdivisions 4 and 5, which provide:

"4. The person indemnifying is bound, on request of the person indemnified, to defend actions or proceedings brought against the latter in respect to the matters embraced by the indemnity, but the person indemnified has the right to conduct such defenses, if he chooses to do so;

"5. If, after request, the person indemnifying neglects to defend the person indemnified, a recovery against the latter suffered by him in good faith, is conclusive in his favor against the former."

The defendant claims that the duty to defend does not arise under this statute unless it is "first shown that there exist the conditions under which the duty to give indemnity arises" and, therefore, in the instant case, there was no duty to defend if the automobile was operated by a person other than Vielma. However, the statute imposing the duty to defend refers to "*actions* . . . in respect to matters embraced by the indemnity" (Italics ours.) Whether an action brought against an insured is one "in respect to matters embraced by the indemnity" must be determined from the allegations of the complaint in said action. ". . . the insurer's obligation to defend is measured by the terms of the insurance policy and the pleading of the claimant who sues the insured."

(*Ritchie* v. *Anchor Cas. Co.*, 135 Cal.App.2d 245, 250 [286 P.2d 1000].)

The complaint in the accident suit in this case alleged that Vielma negligently drove his automobile which caused a collision resulting in injury to the plaintiffs. This was a matter ''embraced by the indemnity'' in question. As a consequence, under the terms of the statute, the judgment against Vielma was ''conclusive in his favor against'' the insurer, the defendant in this case; had he satisfied the judgment and sued the defendant, under his policy, to recover his loss, the insurance company could not have defended successfully on the ground that he was not the driver of his automobile at the time of the accident, because that issue had been conclusively determined against it by the prior judgment. The plaintiffs in this case, under the same policy, are given the right to sue the defendant on the same judgment; that judgment carries the same conclusive character in their favor.

In *Lamb* v. *Belt Cas. Co.*, 3 Cal.App.2d 624, 631 [40 P.2d 311], a truck and trailer were involved in an accident with another automobile, resulting in judgment against the owner of the former, who had insured his truck with one company and his trailer with another; the automobile had collided with the rear end of the trailer; the company insuring the truck had refused to defend an ensuing damage suit but, in an action against it, to recover on the judgment in the prior suit, contended that there was no negligence on the part of the truck; on appeal the court said:

''The law is well settled that, where one is bound either by law or agreement to protect another from liability, he is bound by the result of a litigation to which such other is a party, provided he had notice of the suit and an opportunity to control and manage it. (*Butler Bros.* v. *American Fidelity Co., supra* [120 Minn. 157 (139 N.W. 355, 44 L.R.A.N.S. 609)]; citing *Swansey* v. *Chace*, 16 Gray (82 Mass.) 303; *Kansas City M. & B. R. Co.* v. *Southern R. News Co.*, 151 Mo. 373 [52 S.W. 205, 74 Am.St.Rep. 545, 45 L.R.A. 380]; *Southern R. News Co.* v. *Fidelity & C. Co.*, 26 Ky. Law Rep. 1217 [83 S.W. 620]; *Minneapolis Mill Co.* v. *Wheeler*, 31 Minn. 121 [16 N.W. 698].) This doctrine also finds support in the following California cases: *Greer-Robbins Co.* v. *Pacific Surety Co., supra* [37 Cal.App. 540 (174 P. 110)]; *Antichi* v. *New York Indemnity Co., supra* [126 Cal.App. 284 (14 P.2d 598)]; *Kruger* v. *California Highway Indemnity Ex-*

*change,* 201 Cal. 672 [258 P. 602]. The judgment recovered in such a case is the mode by which the insured proves to the insurer that the intrinsic character of the accident was such that he was liable for the consequences of it, and the judgment is conclusive evidence that the insured was liable, and to the extent of the amount of the judgment. (*Butler Bros.* v. *American Fidelity Co., supra; Ross* v. *American Employers' Liability Ins. Co.,* 56 N.J.Eq. 41 [38 A. 22].)"

A finding that an insured was negligent, in an accident case not defended by the indemnitor, has been held to conclude the latter when it raised the same issue in an action, upon an indemnity policy, to recover on the judgment in the prior case. (*Bachman* v. *Independence Indem. Co.,* 112 Cal.App. 465, 469 [297 P. 110, 298 P. 57].)

In support of its contention the defendant cites *Schoefer* v. *Farmers A. Inter-Insurance Exchange,* 13 Cal.App.2d 289 [56 P.2d 977] ; *Sears* v. *Illinois Indem. Co.,* 121 Cal.App. 211 [9 P.2d 245] ; and *Coolidge* v. *Standard Accident Ins. Co.,* 114 Cal.App. 716 [300 P. 885], which are not in point, and, also, *Bryson* v. *International Indem. Co.,* 88 Cal.App. 100 [262 P. 790], which, although in point, is not factually analogous. In the latter case, the defendant insurance company, in an action upon its policy on a judgment in favor of a passenger against its insured, contended that its agreement did not cover passengers "for any express or implied consideration"; this issue was not presented in the accident suit which had resulted in a default judgment; the court, in the subsequent action, sustained the company's contention and permitted it to show that the judgment creditor was a passenger for an implied consideration, but said:

"Had the insured paid the amount of the judgment it would have been conclusive in his favor against the company on every issue properly tried in the action against him, he having notified the company of the action and requested it to defend the same. (Civ. Code, § 2778, subd. 5.) Since the policy provides for an action on such a judgment by the injured person against the company, under the circumstances stated, the evident intent is that such person shall have the rights which the insolvent insured would have had if he had paid the judgment. Such a judgment is conclusive only in respect to the matters adjudged." (*Bryson* v. *International Indemnity Co.,* 88 Cal.App. 100, 103-104 [262 P. 790].)

 It is our opinion that under circumstances such as in this case, a fact essential to recovery, placed in issue and de-

termined by judgment in an action against an insured, on an obligation covered by his policy of indemnity insurance, in the absence of fraud or collusion, is conclusively established against an insurer given an opportunity to defend, and may not be relitigated in a subsequent action against it, upon its policy of insurance, to recover the amount of that judgment.

The judgment is reversed with instructions to the trial court to enter judgment in favor of the plaintiffs in the sum of $8,733.65, together with interest thereon at the rate of 7 per cent per annum from June 30, 1953, and for costs.

Griffin, P. J., and Shepard, J., concurred.