[Civ. No. 24591.   Second Dist., Div. Three.   Jan. 30, 1961.]

ROYAL EXCHANGE ASSURANCE (a Corporation), Respondent, v. UNIVERSAL UNDERWRITERS INSURANCE COMPANY (a Corporation), Appellant.

Jarrett & Morgan and Peter Burrows for Appellant.

W. P. Smith for Respondent.

FORD, J.—This is an appeal by Universal Underwriters Insurance Company from a judgment which declared the respective rights and liabilities of that insurer and the respondent Royal Exchange Assurance under certain policies of insurance.

In the trial court, the parties stipulated in writing as to the essential facts. On July 10, 1957, Paul E. Lewis owned a Dodge automobile which he took to the garage of J & S Dodge Center for the purpose of having some work done on that car. J & S Dodge Center gave possession to him of a Plymouth automobile owned by it so that he might use it until the work on his Dodge car was completed. While the Plymouth automobile was being operated by Lewis with the permission and consent of the owner,[1] an accident occurred on July 14, 1957, which resulted in an action for damages being brought against Lewis and J & S Dodge Center because of alleged negligence on the part of Lewis. The appellant Universal was the insurer

---

[1]At the time of the accident, section 402 of the Vehicle Code as then in effect provided in part as follows: "(a) Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages." Under that section, such monetary liability was limited to the amounts therein set forth.

of J & S Dodge Center while the respondent Royal was the insurer of Lewis. Each paid one-half of a stipulated judgment for $1,500 rendered in favor of Crawford, it being agreed that such payments would be without prejudice to their respective rights in the present action. The limits of each of the two policies were sufficient to cover the loss.

The policy issued to Lewis by respondent Royal gave insurance coverage to Lewis in his operation of a nonowned automobile but contained the provision that "the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance."

In the policy of the appellant Universal which had been issued to J & S Dodge Center, it was stated that there was included within the definition of "insured" any person while using an owned automobile with the permission of the named insured. However, attached to the policy was a "garage" endorsement, part of which was in the following language: "With regard to the Hazard Defined in this endorsement, the Definition of Insured Agreement of the policy is null and void and the following Definition of Insured applies. . . ." The latter definition did not expressly include a person, such as Lewis, to whom an automobile was furnished while work was being done on his car by the operator of the garage. Also contained in the policy was the following paragraph: "When this policy is certified as proof of financial responsibility for the future under the provisions of the motor vehicle financial responsibility law of any state or province, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use during the policy period of any automobile insured hereunder, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph." There was no express certification of the policy under the Financial Responsibility Law of the State of California (Veh. Code, § 410 et seq., as such sections were in

July 1957).[2] The Universal policy also contained the following provision: "If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance under this policy with respect to loss arising out of the maintenance or use of any hired automobile insured on a cost of hire basis or the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance."

The determination of the trial court was that the policy of the appellant Universal Underwriters Insurance Company provided "primary insurance coverage" to Lewis, as the permissive user of the automobile owned by J & S Dodge Center for an amount in excess of the Crawford judgment, that the insurance coverage under the policy issued by the respondent Royal Exchange Assurance was "excess over and above that provided by the Universal policy," and that the amount of the Crawford judgment should be borne wholly by the appellant Universal Underwriters Insurance Company.

While *American Automobile Ins. Co.* v. *Republic Indemnity Co.,* 52 Cal.2d 507 [341 P.2d 675], appears to sustain the determination of the trial court in the present case, the appellant seeks to avoid the effect of that decision. Each of its contentions will be examined.

The appellant asserts that the present case is to be distinguished from the American Automobile Insurance Company case because the Republic policy involved in that case contained a clause specifically adopting the Financial Responsibility Law as a part of the policy whereas the Universal policy did not. The appellant argues that the provisions of

---

[2]In section 414 of the Vehicle Code as it then existed, it was provided in part as follows: "(a) Proof of ability to respond in damages may be given by the written certificate or certificates of any insurance carrier duly authorized to do business within the State, that it has issued to or for the benefit of the person named therein a motor vehicle liability policy or policies as defined in Section 415, which, at the date of said certificate or certificates is in full force and effect. . . ."

Under section 415 of that code, one of the requirements which a " 'motor vehicle liability policy,' as used in this code" had to meet was stated to be as follows: "[(a)] (2) Such policy shall insure the person named therein and any other person using or responsible for the use of said motor vehicle or motor vehicles with the express or implied permission of said assured."

the Financial Responsibility Law, and particularly section 415 of the Vehicle Code, were of no effect unless the policy was actually required and certified under that law. But such argument must fail because at the time involved in this case the provision of section 415 [subd. (a)(2)] that the "policy shall insure the person named therein and any other person using or responsible for the use of said motor vehicle or motor vehicles with the express or implied permission of said assured" was a part of the Universal policy as a matter of law. This is clear from the following language in the opinion of the Supreme Court in the American Automobile Insurance Company case (52 Cal.2d 507, at p. 510): "The conclusion that Special Endorsement No. 4 is invalid is supported by *Wildman* v. *Government Employees' Ins. Co.*, 48 Cal.2d 31, 37-40 [307 P.2d 359]. In that case the court held that an endorsement which restricted the coverage of an automobile liability policy to accidents occurring when the car was being driven by the named insured or members of his immediate family was contrary to the public policy expressed in sections 402 and 415 of the Vehicle Code and therefore invalid. It was expressly held that section 415 as it then read must be considered part of every automobile liability insurance policy. The section specifically required coverage of any person using the car with permission as well as coverage of the named insured, and it follows that Special Endorsement No. 4, which purports to exclude coverage of a customer of the owner, is invalid under the rules of the Wildman case." (See also *Bonfils* v. *Pacific Auto. Ins. Co.*, 165 Cal.App.2d 152, 157-158 [331 P.2d 766].)

The appellant asks that the reasoning of the Wildman case be reconsidered in the light of an amendment to section 415 of the Vehicle Code which became effective after the date of that decision and after the date of the accident in the present case. Universal argues that "the new legislation was meant to clarify the existing law of this State rather than establish new law." But such argument was rejected by the Supreme Court in the American Automobile Insurance Company case in the following language (52 Cal.2d, at p. 511): "Republic urges us to reconsider the Wildman case in view of an amendment of section 415 enacted in 1957 after the date of that decision. The new legislation, according to Republic, was intended to clarify the meaning of the section by showing that the requirements there set forth were not a necessary part of every automobile liability policy. The 1957

enactment does not affect the present case or the correctness of our holding in the Wildman case. The amendment is not retroactive and therefore has no direct application to the accident involved here, which took place prior to 1957.

█ It makes a material change in the phraseology of the section, and such a change is ordinarily viewed as showing an intention on the part of the Legislature to change the meaning of the provision rather than interpret it. (*Whitley* v. *Superior Court,* 18 Cal.2d 75, 79 [113 P.2d 449]; *Estate of Todd,* 17 Cal.2d 270, 274-275 [109 P.2d 913.)''

█ In support of its final contention, the appellant points out that the ''garage'' endorsement was part of the Universal policy from the time of the issuance of that policy. It is asserted that if the restrictive provisions of that endorsement are invalid as applied to the facts of the present case, then the policy constitutes an illegal contract upon which no recovery may be had. The argument is novel and unsupported by pertinent authority. To accept it would result in the frustration of the public policy expressed in sections 402 and 415 of the Vehicle Code (as such sections existed at the time of the accident), which public policy was a basis of the determination made by the Supreme Court in the Wildman case and in the American Automobile Insurance Company case. As in those cases, it is the invalid endorsement which is to be disregarded and not the relevant provision set forth in section 415 of the Vehicle Code which was a part of the Universal policy as a matter of law upon the issuance of that policy, whether or not the substance of that provision was expressly included in the policy. (See *Malmgren* v. *Southwestern Automobile Ins. Co.,* 201 Cal. 29, 33 [255 P. 512]; *Bonfils* v. *Pacific Auto Ins. Co., supra,* 165 Cal.App.2d 152, 158; *Johnson* v. *Holmes Tuttle Lincoln-Mercury, Inc.,* 160 Cal.App.2d 290, 298 [325 P.2d 193].)[3]

The determination of the trial court is fully sustained by *American Automobile Ins. Co.* v. *Republic Indemnity Co., supra,* 52 Cal.2d 507. The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.

[3]In the Bonfils case, it is aptly stated that (165 Cal.App.2d, at p. 156): '' 'An insurance company has the right to limit the coverage of a policy issued by it and when it has done so, the plain language of the limitation must be respected.' (*Continental Cas. Co.* v. *Phoenix Const. Co.,* 46 Cal. 2d 423, 432 [296 P.2d 801, 56 A.L.R.2d 914].) However, any such limitation must conform to the law; if contrary to public policy it is void.''